# STATE OF MICHIGAN

# COURT OF APPEALS

In re A. M. L. BUTLER, Minor.

UNPUBLISHED
April 4, 2017

No. 334956
Ottawa Circuit Court
Family Division
LC No. 14-077542-NA

Before: M. J. KELLY, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent mother appeals as of right the trial court order terminating her parental rights to the minor child under MCL 712A.19(b)(3)(g) (failure to provide proper care and custody), (i) (parental rights to a sibling of the child have been terminated as a result of abuse or neglect), and (l) (rights to another child previously terminated). We affirm.

In June 2016, shortly after the child was born, petitioner filed a petition seeking removal. The petition alleged that mother had an ongoing substance abuse problem with cocaine and opiates, that mother had used both while pregnant with the child, and that mother had previously had her rights to two children terminated due in part to her substance abuse problem. At a preliminary hearing, mother stipulated to the allegations that she had a substance abuse problem and used controlled substances while pregnant. As a result, child was removed from mother's home. In July 2016, an amended petition was filed that included allegations that the child's meconium tested positive for opiates and that mother had recently been involved in a drug raid that found drug paraphernalia at the residence she shared with respondent father.[1] In August 2016, mother pleaded to the trial court's jurisdiction. After a combined dispositional and termination hearing, the trial court terminated mother's parental rights, and this appeal followed.

On appeal, mother first argues that the trial court erred when it found clear and convincing evidence to terminate her rights pursuant to MCL 712A.19(b)(3)(g), (i), and (l). We disagree. "We review for clear error a trial court's finding of whether a statutory ground for termination has been proven by clear and convincing evidence." *In re Moss*, 301 Mich App 76,

---

[1] The original and amended petition included allegations regarding father and sought to terminate his parental rights. At a hearing held in August 2016, father voluntarily terminated his parental rights. Father does not contest that decision on appeal and is therefore not a party to this action.

80; 836 NW2d 182 (2013). "A finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made." *In re LaFrance*, 306 Mich App 713, 723; 858 NW2d 143 (2014). "Appellate courts are obliged to defer to a trial court's factual findings at termination proceedings if those findings do not constitute clear error." *In re Rood*, 483 Mich 73, 90; 763 NW2d 587 (2009).

"To terminate parental rights, a trial court must find by clear and convincing evidence that at least one statutory ground under MCL 712A.19b(3) has been established." *In re Moss*, 301 Mich App at 80. Under MCL 712A.19b(3)(g), a trial court may terminate parental rights when "[t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age."

Here, clear and convincing evidence existed that mother was unable to provide proper care and custody for the child due to her long history of substance abuse and including her use of controlled substances during her pregnancy. Evidence presented at the combined dispositional/termination hearing showed that mother's problems with substance abuse had previously contributed to the termination of her parental rights in two other children. Before that termination, mother was offered substance abuse treatment to deal with her problem, but she did not sustain any lasting benefit from that treatment and she continued to use controlled substances, even while she was pregnant. To mother's credit, once she discovered that she was pregnant, she sought help from the Western Michigan Treatment Center. However, during her treatment at the center, mother tested positive on eight occasions for cocaine or opiates, showing that the treatment was not preventing her from using illegal drugs and controlled substances while pregnant. Her most recent positive test was less than two weeks before the child was born. Further, mother admitted to using heroin while she was pregnant. Mother's history of substance abuse and her continued use of controlled substances while she was pregnant support the trial court's conclusion that mother was unable to provide proper care and custody.

Clear and convincing evidence also established that no reasonable expectation existed that mother would be able to provide proper care and custody within a reasonable time. Mother had been offered services in the past to address her substance abuse issues, but she had repeatedly failed to benefit from those services. Further, testimony at trial established that, in part due to mother's lengthy history of substance abuse, mother would need approximately 18 to 24 months of sobriety to be able to properly care for the child. While this two-year delay in itself is not a reasonable amount of time due to the child's age, it is even less reasonable given that mother has historically been unable to remain sober for more than several months. Again, to mother's credit, she has been taking steps towards maintaining sobriety such as enrolling in substance abuse treatment. However, her most recent positive test was in June 2016. At the time of the termination hearing, mother had remained sober for a little over three months. Evidence at trial suggested that mother had previously shown an ability to remain sober for short periods of time, but always relapsed. Therefore, despite mother's progress, there was no reasonable expectation that mother would be able to provide proper care and custody within a reasonable time.

Although respondent does not make the argument on appeal, we recognize that this Court in *In re Gach*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 328714); slip op at

6-9, recently ruled that termination solely under MCL 712A.19b(3)(l) was unconstitutional. In that case, this Court held that a trial court's decision to terminate a parent's rights solely because the parent had his or her rights to other children previously terminated violated the parent's due process rights. *Id*. In this case, unlike in *Gach*, the trial court did not terminate mother's rights solely because of the prior terminations. Rather, the evidence in this case supported that mother's parental rights were previously terminated in part due to her problems with substance abuse, that she was offered treatment for that problem, and that she failed to benefit from that treatment and continued to have problems with substance abuse, and therefore was unable to provide proper care and custody for the child in this case. In summary, it was the mothers continued abuse of narcotics, not only the previous terminations, that resulted in the termination in this case. There are no such constitutional issues here.

Because the trial court did not clearly err in finding grounds to terminate under MCL 712A.19b(3)(g), we need not address the other grounds on which the court terminated respondent's rights. *In re HRC*, 286 Mich App 444, 460-461; 781 NW2d 105 (2009).

Next, mother challenges the trial court's determination that termination was in the child's best interests. "Once a statutory ground for termination has been proven, the trial court must find that termination is in the child's best interests before it can terminate parental rights." *In re Olive/Metts*, 297 Mich App 35, 40; 823 NW2d 144 (2012). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App at 90. Appellate courts "review for clear error . . . the court's decision regarding the child's best interests." *In re Trejo*, 462 Mich 341, 356-357; 612 NW2d 407 (2000), superseded by statute on other grounds as recognized in *In re Moss*, 301 Mich App at 83.

The trial court found that termination was in the child's best interests because mother had a long history of substance abuse, that mother's substance abuse made it difficult for mother to provide stability, and that there was a high possibility of adoption. The evidence showed that mother continued using controlled substances while she was pregnant. Mother received services to assist her in overcoming her substance abuse problem, but she did not benefit from those services and her problem persisted. As the trial court noted, the child required a permanent, stable home, which mother was not capable of providing given her persistent failure to get her substance abuse problem under control. Despite her recent progress, mother's last positive test was little over three months prior to the termination hearing, showing that substance abuse continued to be an issue for her. As previously discussed, mother would need approximately 18 to 24 months to get this issue under control, creating a significant delay before she could even possibly reunite with her child. In addition, the record shows that the child was removed from mother's care within several days of birth. As such, the child has lived with her foster family for virtually her entire life. Further, the child's current foster placement is with her brother, and the

foster family has started the adoption process for him and has indicated a potential willingness to adopt the child in this case. The trial court did not clearly err in finding that termination of mother's parental rights was in the child's best interests.

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Amy Ronayne Krause